**WO**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| William Sullivan, et al., ) | |
| ) | CV-15-231-TUC-DCB |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant United States of America moved to compel Plaintiffs to comply with the preliminary expert affidavit requirements of A.R.S. § 12-2603 within 20 days of this Court's Order, or be subject to dismissal without prejudice of Plaintiffs' Complaint as required by A.R.S. § 12-2603(F). This Court denied that motion. Defendant has filed a motion to reconsider that ruling.

This is an action filed in federal court based solely on a federal statute, the Federal Tort Claims Act, 28 U.S.C. §§2671, et seq., albeit there are some Arizona tort-based claims filed that are subject to supplemental jurisdiction and may be severed. This is not a medical malpractice action based on A.R.S. §§12-561, et al. Plaintiffs are represented by legal

counsel and all parties are subject to Fed.R.Civ.P. 11 and 26. *Moreland v. Barrette*, 2006 WL 3147651 (D.Ariz. 2006) (diversity jurisdiction implementing the *Erie* doctrine) is inapplicable to this action because diversity is not an issue. Cases that involve solely a violation of a federal statute against the United States of America, with all the power and sovereignty that entails, are not based on any state law violations (diversity) or against individual state actors (civil rights). A FTCA action names solely the United States as the defendant, not an individual physician, surgeon or medical facility.[1]

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration

---

[1] In a very similar FTCA action in this Court, the application of A.R.S. § 12-2603 was never raised as an impediment to continuation of the litigation. *Puig v. United States*, CV-04-0089-TUC-DCB.

repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

This Court is not required to apply A.R.S. §12-2603 in a FTCA against the United States. The underlying principles involved in requiring compliance with this state statute are outweighed in a situation where the United States is the sole defendant, with all the power and sovereignty that entails.

IT IS ORDERED that the motion for reconsideration (Doc. 28) is GRANTED and the motion to compel remains DENIED.

DATED this 26th day of September, 2016.

David C. Bury
United States District Judge