WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| William Sullivan, et al., | No. CV-15-00231-TUC-DCB |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

On November 19, 2018, this Court ruled on cross motions for summary judgment filed by the parties in this Federal Tort Claims Act case. The Court denied summary judgment except for granting it as to Count Two. On November 27, 2018, the Plaintiff filed a Motion for Clarification and on November 28, filed a Motion for Reconsideration. Both motions inform the Court of its erroneous findings that: "Plaintiff's fail to respond to the Defendant's charge that Dr. W. Taylor was not timely disclosed as an expert witness, therefor, he is precluded from testifying pursuant to Fed. R. Civ. P. 37(c)(1)." (Order (Doc. 136) at 8.) The Plaintiff attaches the Notice of Service of Plaintiff's Rebuttal Expert Disclosure Statement (Doc. 97), which reflects the timely disclosure of Dr. W. Taylor as a rebuttal expert. The Court reminds the Plaintiffs that "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). It is even harder to hunt through a record, not referenced in a brief.

The Court understood the Defendant to assert Plaintiff made a untimely disclosure of Dr. W. Taylor as an expert because Defendant's wrote: "To the extent Plaintiffs attempt to offer similar testimony through neuroradiologist William Taylor (SOF 117), it should

also be barred for failure to timely disclose it by the affirmative expert disclosure deadline for Plaintiffs. Beyond that, Dr. Taylor is not qualified under the Arizona statute to opine on the standard of care as it applies to a board certified vascular surgeon." (MSJ (Doc. 115) at 8.) The remainder of the motion addressed the statutory admissibility of Dr. Taylor's opinion under A.R.S. § 12-2604. Because it is not true that Dr. Taylor's opinion was untimely disclosed the Court will reconsider its finding. It would be a manifest error to preclude Dr. Taylor's opinion testimony at trial pursuant to Fed. R. Civ. P. 37(c)(1) when in fact his rebuttal opinion was timely disclosed. The Court does not call for a Response to the Motion for Reconsideration from the Defendant because the Notice (Doc. 97) speaks clearly and unequivocally for itself.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 138) is GRANTED and Dr. W. Taylor's opinion shall not be precluded at trial under Fed. R. Civ. P. 37(c)(1) as untimely.

**IT IS FURTHER ORDERED** that the Motion for Clarification (Doc. 140) is MOOT.

Dated this 17th day of December, 2018.

_____
Honorable David C. Bury
United States District Judge